

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 4, 1939

Hon. Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-660
Re: Right of foreign electric
cooperative corporation to
qualify to do business in
Texas.

We have your request for an opinion
upon the following questions:

(1) "Is this corporation organiz-
ed for pecuniary profit within the pre-
visions of Article 1529 et seq of the
Revised Civil Statutes of Texas?

(2) "Is this corporation entitled
to be granted a permit to operate in
this State under the provisions of Arti-
cle 1528b?

(3) "What are the filing fees to
be charged by this Department?

(4) "What franchise tax, or li-
cense fee, is to be annually assessed
this corporation?"

Your first question asks if this cor-
poration is organized for pecuniary profit with-
in the provisions of Article 1529 of our Revised
Civil Statutes. We have examined the articles
of incorporation attached to your question and

the provisions of our Texas statute, Article
1528b relating to corporations of a similar na-
ture. We have compared those statutes with the
Arkansas Statutes relating to the same kind of
corporation, and we are of the opinion that this
corporation is not organized for pecuniary profit
within the intendment of the provisions of Arti-
cle 1529. The users of the electricity or other
services rendered by such a corporation are all
members of the corporation. There is no capital
stock and its purpose is to serve the people of
the rural communities with electricity or to en-
able them to obtain the necessary supplies and
equipment to enjoy the use of electricity.

Your second question as to whether this
corporation is entitled to be granted a permit
to operate in this State under the provisions of
Article 1528b. We think that the Legislature of
this State intended that such a corporation should
be allowed to operate in Texas and we base our
opinion upon Section 7 of our Act, Article 1528b,
which reads as follows:

"The word 'electric cooperative'
shall not be used in the corporate name
of a corporation organized under the
laws of this state, or authorized to
do business herein, other than those
organized pursuant to the provisions
of this Act."

We think that this discloses an inten-
tion of the Legislature to permit a foreign cor-
poration to come into Texas and render the ser-
vices provided for in our Act, if the circumstances
merit an entrance.

Your third question as to the filing
fee to be charged by the Secretary of State's Of-
fice for the permit to such a corporation, this
department held in a former opinion that we thought

the Legislature intended that our State should exercise some sort of control over such a foreign corporation, and for that reason we held that they should secure a permit to do business in Texas. Since this is a foreign corporation asking permission to come into Texas, in our opinion, your department should charge a fifty dollar filing fee for this corporation. Under Article 3914 of our Revised Civil Statutes fifty dollars is the minimum fee prescribed for a foreign corporation.

Your fourth question is what franchise tax or license tax is to be annually assessed this corporation. Section 30 of Article 1528b provides that such corporation shall annually pay a ten dollar license fee on or before May 1st of each year and shall be exempt from all other excise taxes. They are, therefore, exempt from any franchise tax, but must pay only the ten dollar annual license fee.

In our opinion the Southwest Arkansas Electric Cooperative Corporation should be issued a permit to do business in Texas. We believe the proper filing fee for such permit to be fifty dollars and that they should pay a ten dollar annual license fee on or before May 1st each year.

Yours very truly.

ATTORNEY GENERAL OF TEXAS

Morris Hodges
Assistant

MH:omb

APPROVED:

ATTORNEY GENERAL OF TEXAS